UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FRANKIE L. HERDT                                                                                           PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:12CV-190-S

THE KROGER CO.                                                                                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, The Kroger Co. ("Kroger"),[1] to dismiss the complaint for failure to state a claim or, in the alternative, to stay the action pending the outcome of a related suit. ( DN 7).  The plaintiff, Frankie L. Herdt, has objected and, alternatively, moved for leave to file an amended complaint.  (DN 10).

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

---

[1] Incorrectly denominated in the complaint as "The Kroger Company."

The complaint contains a number of statements attempting to articulate a legal theory, but the claim has no "meat on the bones."  The complaint is devoid of facts which state a plausible claim, as required under the *Iqbal/Twombly* standard.

The complaint recites the following:

1. Frankie L. Herdt was and is a member of the General Drivers, Warehousemen & Helpers Local Union No. 89. Compl., ¶ 4.

2.  Herdt was employed by Transervice Logistics, Inc.  Compl., ¶ 4.

3.  Herdt received a notice on August 3, 2010 that he was banned from the Kroger property and, because Kroger refused to allow Herdt to fulfill his employment obligations, he was terminated from his employment with Transervice on August 3, 2010.  Compl., ¶ 5.

4.  Kroger stated to Transervice in a letter dated August 3, 2010 that "Herdt is a Transervice employee, not Kroger's, and the decision as to what employment action to take with respect to Herdt belongs solely to Transervice."  Compl., ¶ 7.

5.   Herdt was indicted for theft in Bullitt County Kentucky, and the charges were later dismissed upon a stipulation of probable cause.  Compl., ¶ 8.

6.  Kroger, being made aware of the dismissal, continued to tortiously interfere with Herdt's ability to earn wages in the Commonwealth of Kentucky.   ¶ 9.

Herdt states in paragraph 9 of the complaint that "This said tort has long been recognized in the Commonwealth of Kentucky and is also known as intentional interference with contractual relations."

The parties agree that, under Kentucky law, to succeed on a claim for tortious interference, a plaintiff must prove  (1) the existence of a contract, (2) the defendant's knowledge of the contract,

(3) that the defendant intended to cause the breach, (4) that the defendant's conduct caused the breach, and (5) that the breach resulted in damages to the plaintiff, and (6) that the defendant had no privilege or justification to excuse its conduct. *Dennison v. Murray State University*, 465 F.Supp.2d 733, 755 (W.D.Ky. 2006). The court can make little sense of the few sentences contained in the complaint. What is clear, however, is that the complaint fails, among other things, to identify a contract with which Kroger purportedly interfered.

Further, the complaint contains no facts to support the subsequent conclusory allegation that Kroger "continued to tortiously interfere with Herdt's ability to earn wages in the Commonwealth of Kentucky."

Herdt attempts to bolster his claim with argument concerning purported facts which are not stated in the complaint. Were these facts included in an amended pleading, they would still fall short of stating a claim upon which relief may be granted, as the sum total of factual allegations would still come up short under *Towmbly/Iqbal*.

In his brief, Herdt seemingly articulates the various elements of a tortious interference claim, but states, nonspecifically, that "the Plaintiff and the Defendant had a relationship due to the fact that the Plaintiff was employed by Transervice which also, independent of the Plaintiff, had a contract with the defendant Kroger...[T]he Defendant had knowledge of the relationship/contract between the Plaintiff and Transervice." Resp., p. 2. No contract is identified in either the complaint or in Herdt's brief. [2]

---

[2] While the briefs provide some insight concerning what the suggested interference claim *might* be about (for example, Kroger *surmises* that Herdt *might be contending* that Kroger has interfered with a collective bargaining agreement), argument of counsel in a brief is nothing more than that - argument of counsel. None of these purported facts appear in the complaint.

Herdt states that "the Defendant had knowledge of the relationship/contract between the Plaintiff and Transervice" because "it can be proven and shown" that "Kroger was the primary place for which Plaintiff delivered material on behalf of Transervice." Resp., p. 2. Again, no contract is identified. Without more, there is no plausible argument to be made from the factual allegations that Kroger was on notice of a contract between Herdt and his employer.

Herdt urges that Kroger intended to interfere with a contract because Kroger banned him from its property and "making an impossibility of the relationship of the Plaintiff and his employer Transervice. The Defendant did this because of the fact that the Plaintiff was indicted for allegedly stealing from the defendant Kroger." Resp., p. 2.

Herdt contends that he was banned from the Kroger property because he was indicted for stealing. This then would suggest something *other than* intent to interfere with a contract; That is, an intent to prevent further theft.

Herdt makes much of the fact that he was cited but not convicted of theft. Herdt does not explain how the disposition of the criminal proceeding impacted any obligation of Kroger to Herdt. Herdt's employment was with Transervice, not Kroger.

Herdt concludes that

> Plaintiff has, throughout the complaint, given the necessary testimony in his verified complaint to state with particularity the existence of a contract, the fact that the Plaintiff was an employee of the company Transervice, and that the employer, Transervice, because of this relationship that the defendant Kroger, has had no alternative but to honor the malicious actions of the Defendant by terminating the relationship of the Plaintiff with Transervice. This action by Kroger is equivalent to the neighborhood bully, in that Kroger is its own judge and jury and, regardless of what is happening in the community, with the Bullitt County Court releasing the Plaintiff, and not trying the Plaintiff, the Defendant has taken it upon itself to break the rules and prohibit the Plaintiff from his place of employment.

Resp., p. 3.

Despite Herdt's urgings to the contrary, the complaint fails to state a claim upon which relief may be granted.[3]

In his response, Herdt has moved, alternatively, for leave to file an amended complaint. He has not tendered a proposed amended pleading such that the court might evaluate Kroger's argument that amendment would be futile. While we might be well within the bounds of reason to deny amendment on the ground that Herdt has offered nothing more than the conclusory statement that amendment would *not* be futile, the court would rather address a palpable document attempting to set forth a viable claim rather than postulating claims from the arguments of counsel. While this will require another round of briefing by the parties, the United States Court of Appeals for the Sixth Circuit routinely promotes liberality in the amendment of pleadings. Therefore, in the absence of a showing of prejudice, the court will err on the side of fulsome review of a request for leave to amend. *See, ie. Langley v. Credit Suisse First Boston Corp.*, No. 02-5911, 89 Fed.Appx. 938, 2004 WL 68525 (6th Cir. Jan. 9, 2004)(*citing Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) finding that defendant's inconvenience by another round of motion practice not level of prejudice to deny leave to amend).

Therefore, based upon the foregoing, the court will hold the motion to dismiss the complaint in abeyance. The plaintiff will be afforded a period of fourteen days in which to file a motion for leave to file an amended complaint, accompanied by the proposed pleading. Upon the expiration of a designated response and reply period, the matter will stand submitted for decision. If amendment is denied, the complaint will be dismissed by further order of the court. If amendment is granted,

---

[3] The court need not address the request for stay of the action as the court has found the complaint deficient.

the motion to dismiss will be denied with leave to refile, addressing the amended pleading. A separate order will be entered in accordance with this opinion.

**IT IS SO ORDERED.**

December 20, 2012

**Charles R. Simpson III, Judge
United States District Court**