UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FRANKIE L. HERDT                                                           PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:12CV-190-S

THE KROGER CO.                                                  DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Frankie L. Herdt, for leave to file an amended complaint. The filing of this motion was prompted by this court's memorandum opinion and order of December 20, 2012 which held in abeyance the motion of Kroger Co. to dismiss, or alternatively to stay the action. Herdt opposed the motion to dismiss, and requested that he be permitted to file an amended pleading. He did not tender a proposed amended pleading with his response nor offer a ground for amendment. The court indicated that Herdt's complaint, as written, failed to state a claim upon which relief might be granted. However, the court granted Herdt a period of fourteen days in which to file a motion for leave to file an amended complaint accompanied by a memorandum of law and proposed amended pleading. (DN 14).The court also provided a period for response and reply. At the expiration of the briefing period, the matter was submitted to the court for decision.

- 2 -

In the December order, the court stated ordered that "[i]n the event the court denies leave to amend the complaint, the complaint will be dismissed with prejudice without further opinion. Should the court grant leave to amend, the motion to dismiss will be denied with leave to refile with reference to the allegations of the amended complaint." DN 14. The plaintiff has filed a motion for leave, accompanied by a one-paragraph memorandum in support, and has tendered a proposed amended complaint.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. The Kroger Co. has objected to the motion on the ground of futility, *citing Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)(amendment should be denied if brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile).. Futility is found where an amendment could not overcome a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Rose v. Hartford Underwriters Ins. Co,* 203 F.3d 417, 420 (6th Cir. 2000).

Herdt was discharged by his employer, Transervice Logistics, Inc., after Kroger determined that it would not permit Herdt to come on Kroger premises as a delivery driver.[1] Seeking to clarify his claim for tortious interference with contract, Herdt identifies the Kroger Master Agreement and Local Union Supplements, September 11, 2005 through September 10, 2011 as the contract with which he alleges Kroger tortiously interfered. Kroger is a party to that contract. Therefore, as a matter of law, Kroger cannot be found to have tortiously interfered with that contract. *Prime Contracting, Inc. v. Wal-Mart Stores, Inc.*, Civil Action No. o6-383-JBC, 2008 WL 2859014 (E.D.Ky. July 22, 2008), *citing Rawlings v. Breit*, 2005 WL 1415356 (Ky.Ct.App. 2005); *Rao v.*

---

[1] Herdt had been accused of stealing from Kroger. Criminal charges were brought against Herdt. The charges were subsequently dismissed on a stipulation of probable cause.

- 3 -

*Rao*, 718 F.2d 219, 225 (7th Cir. 1983); *Hodak v. Madison Capital Management LLC*, 2007 WL 1434875 (E.D.Ky. May 14, 2007).  The motion for leave to amend will be denied as futile.  The motion to dismiss will be granted and the complaint will be dismissed.  A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 20, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**